JAMES SARGENT, APPELLANT, *v.* MARION WARREN, RESPONDENT.

*Costs — traveling fee of a witness — what must be shown to justify an allowance for traveling from the place of service of the subpœna, when such place is not the residence of the witness.*

Upon the taxation of the defendant's costs in this action, after the dismissal of the plaintiff's complaint, an item of thirty-two dollars which had been paid to one Hawley, a witness, for traveling from the city of New York to Rochester was allowed among the disbursements. The item was allowed upon the affidavit of the defendant's attorney, who stated that Hawley was a necessary and material witness for the defendant; that at the time at which the term for which the witness was subpœnaed was held he was in the city of New York, and came to Rochester from that place at deponent's request to be a witness on the trial for the defendant, and that he had paid him thirty-two dollars as his traveling fee. The witness was a single man doing business in the city of Rochester, which was his permanent place of residence. When requested by the defendant's attorney to attend the term of court referred to he was temporarily in the city of New York.

*Held,* that the item should have been disallowed as it was not made to appear that the witness returned from New York to Rochester for the sole purpose of attending the court as a witness for the defendant, and that he actually returned to the city of New York to complete his business in New York after his attendance as a witness at Rochester.

*Pfandler Barm Extracting Bunging Apparatus Company* v. *Pfandler* (39 Hun, 191) distinguished.

APPEAL from an order of the Monroe Special Term, denying plaintiff's motion for retaxation of the defendant's costs.

At the December Special Term, in 1885, the plaintiff's complaint was dismissed, without trial, with costs. The case was on the calendar for the February term of the same year. Among the items of disbursements allowed was thirty-two dollars, travel fee of the witness Hawley from the city of New York to the city of Rochester, for attendance at the February term. This item was allowed upon the affidavit of the defendant's attorney, who stated that Hawley was a necessary and material witness for the defendant; that at the February term, in 1885, the witness was in New York, and came to Rochester from that place at his special request to be a witness on the trial for the defendant, and that he paid him thirty-two dollars as his traveling fees. In another affidavit it is stated that the place from

which the said witness was brought was correctly stated and set forth in the items of disbursements.

*J. & Q. Van Voorhis,* for the appellant.

*James B. Perkins,* for the respondent.

BARKER, J. :

The witness Hawley was a single man doing business in the city of Rochester, which was his permanent place of residence. When requested by the defendant's attorney to attend the term of court in February, he was temporarily in the city of New York. Upon the affidavits presented to the taxing officer the item of travel fee from New York to Rochester should have been rejected. It is not made to appear that the witness returned from New York to his home in Rochester for the sole purpose of attending the court as a witness for the defendant, and that he actually returned to the city of New York to complete the business which detained him there when requested to leave that place and come back to Rochester as a witness. If it had been made to appear that the witness actually and necessarily made the journey from New York, and returned to that place, to comply with the defendant's request, then the item would have been taxable. The rule is to allow a travel fee when paid to a witness in such cases, unless it appear that the party for whom he attended at the term of court was in fault and guilty of negligence in omitting to subpœna the witness before he left his permanent home for a temporary absence. When a witness is subpœnaed at a place where he is found during a temporary absence from his permanent place of residence, the necessity of subpœnaing him away from his home must be clearly shown to entitle the party for an allowance of the increased travel fee. (*Mead* v. *Mallory,* 27 How. Pr., 32.) The only facts established by the defendant's affidavit are, that when he requested the witness to attend the court he was in the city of New York, and he came to Rochester and was paid the travel fee between the two cities. It does not appear that he returned to New York, or that the journey was any inconvenience to him.

We are cited to our decision, made in January, 1886, in the case of the *Pfandler Barm Bunging Apparatus Company* v. *Sargent* (39

Hun, 191) as an authority for allowing this travel fee. But that case is not at all in point, as the facts are essentially different. There it was established as a fact that the witness, who lived in Rochester, was temporarily in the city of New York on business, and that he refused to attend the term of court in Rochester unless he was paid the statutory travel fee, and the plaintiff thereupon, to secure his attendance, complied with the demand of the witness and paid him the fee. The witness's own affidavit in that case was made and read, in which he positively stated that he was obliged to travel from the city of New York to the city of Rochester, for the purpose of attending the trial, and after it was over he returned to the city of New York

It is incumbent upon parties who subpœna witnesses, while away from their homes, and pay an increased travel fee, to make it appear that the witness was necessarily compelled to travel an increased distance, and had a legal right to demand an increased fee. Otherwise it would be easy to practice frauds and imposition upon the adverse party.

The other item of travel fee allowed for the attendance of the same witness from the State line to Rochester, on his journey home from Chicago, should have been rejected for the same reasons.

The order appealed from should be reversed and a retaxation ordered, with permission to either party to read new affidavits on the retaxation, with costs and disbursements of this appeal to the appellant.

SMITH, P. J., HAIGHT and BRADLEY, JJ., concurred.

Order reversed and retaxation ordered, with ten dollars costs and disbursements.